**Wagner v. Marvin**

*Ruth E. Wagner,* in propria persona.
*Linda L. Whalen,* for defendant.

BLAHOVEC, *J.,* June 23, 1992—

## OPINION AND ORDER

This matter comes before the court for a de novo hearing on an appeal of an order entered on recommendation

of a domestic relations hearing officer. The appeal was filed by the plaintiff.

Plaintiff is the maternal grandmother of Jennifer E. Marvin, born September 7, 1976, and Richard J. Marvin, born March 10, 1983. Both children are in the custody of the maternal grandparents by court order. Defendant is the father of both children.

The mother of the children, Mary Ruth Marvin Graham, was ordered by the Circuit Court of Orange County, Florida, to pay the sum of $59.70 per week per child to her parents, Joseph and Ruth Wagner, on March 26, 1991. That order was abated by that court sua sponte on a showing that Mary Ruth did not have the ability to comply with the order in August of 1991. The support obligation was reduced to $35 per week.

By stipulation, Richard L. Marvin's net income is $2,643 per month. The children's mother's income is $725 per month.

The issue to be decided by the court is whether the income of the grandparents, as the persons having custody of the children should be considered in applying the support guidelines. Plaintiff contends that this case should be treated like a case wherein an agency has custody of the children and the parents are asked to contribute without reference to the income of the agency. Defendant contends that since both grandparents have custody, the income of both grandparents should be considered.

In *Tarosky v. Mann,* 398 Pa. Super. 369, 374, 581 A.2d 177, 180 (1990), the Superior Court stated:

"[T]here is a dearth of appellate decisions in this Commonwealth with regard to whether parents are obligated to pay for expenses incurred by a third-party in the performance of services for a minor child. Nonetheless we are persuaded that the approach to take is a case-by-case determination on the issue of parental liability for their children's upbringing, i.e., support."

Counsel for plaintiff cites the case of *Adams County Probation Office v. Leppo,* 45 D.&C.3d 644 (1987), which held that a natural parent's obligation to support his or her child is not relieved by the assumption of in loco parentis status by third parties where the cost of maintenance of the child has become a burden on the public. The present question involves whether the parent's absolute duty of support should be affected by the income of a person in loco parentis where the burden of maintenance of the child is that of the individual and not the public.

Courts in Pennsylvania have found exceptions to the general rule that a stepparent has no legal obligation to support stepchildren. *Klein v. Sarubin,* 324 Pa. Super. 363, 471 A.2d 881 (1984). An exception has been found where the stepparent voluntarily assumes parental status and assumes parental duties; in this, known as the in loco parentis status, the rights and liabilities arising out of that relation are, as the words imply exactly the same as between parent and child. *Spells v. Spells,* 250 Pa. Super 168, 172, 378 A.2d 879, 882 (1977). Defendant would have this court extend in loco parentis status to the maternal grandparents for purposes of application of the support guidelines.

In *DeNomme v. DeNomme,* 375 Pa. Super. 212, 544 A.2d 63 (1988), the Superior Court recited the proposition that the public policy of this Commonwealth is to encourage gratuitous assumption of responsibility by stepparents, so courts are reluctant to extend the duty of support beyond marriage. It may well be that multiple marriages and multiple children of those marriages may force a rethinking of that policy, but that is certainly not the province of this trial judge in this case.

Clearly, if the children in question were placed with an agency, the amount of support would be determined

by reference to the income of the parents alone. Should that result be different since the children are in the custody of their grandparents instead of an agency? This court must answer that question in the negative.

The grandparents have assumed the responsibility of custody. But that does not relieve the parents of the duty of support in accordance with their ability to pay. This court holds that as a general proposition, in cases of this type wherein a third party has custody of children, the duty of the parents to support the children should be based on the parents' incomes alone for purposes of applying the guidelines. Each case must be scrutinized however, and the closer the third party comes to taking over the parental role, the more likely it will be that the income of the third party will be considered in applying the guidelines. In short, third party should not be penalized financially when they gratuitously assume the burdens of custody, but they should not be rewarded when they usurp the parental role.

The present case began when the defendant filed a petition for decrease on January 6, 1992. At the Domestic Relations Office conference, the hearing officer denied the petition for decrease but did consider the grandparents' income. While this court finds that the grandparents' income should not have been considered, the same result is reached. Clearly defendant's petition for decrease should have been denied. If plaintiff's purpose in filing the appeal was to obtain a clarification of policy, hopefully that has been done.

### ORDER OF COURT

And now, June 23, 1992, after a de novo hearing. It is hereby ordered and decreed that the appeal of the plaintiff is denied. The order of April 8, 1992, is to remain in effect.